IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

BRENDA BLISS,

    Plaintiff,

v.                                   CIVIL NO. 3:10cv456-JRS

MICHAEL J. ASTRUE,
**Commissioner of Social Security,**

    Defendant.

## REPORT AND RECOMMENDATION

This matter is before the Court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) on cross-motions for summary judgment.[1] Plaintiff, Brenda Bliss ("Plaintiff" or "Bliss"), seeks judicial review pursuant to 42 U.S.C. § 405(g) of the final decision of Defendant Commissioner denying her applications for Social Security Disability ("DIB") and Supplemental Security Income payments ("SSI"). The Commissioner's final decision is based on a finding by an Administrative Law Judge ("ALJ") that Plaintiff was not disabled as defined by the Social Security Act ("the Act") and applicable regulations.

For the reasons discussed herein, it is the Court's recommendation that Plaintiff's motion for summary judgment (Docket No. 7) be DENIED; that Defendant's motion for summary

---

[1] The administrative record in this case has been filed under seal, pursuant to E.D. Va. Loc. R. 5 and 7(C). In accordance with these Rules, the Court will endeavor to exclude any personal identifiers such as Plaintiff's social security number, the names of any minor children, dates of birth (except for year of birth), and any financial account numbers from its consideration of Plaintiff's arguments, and will further restrict its discussion of Plaintiff's medical information only to the extent necessary to properly analyze the case.

judgment (Docket No. 9) be GRANTED; and that the final decision of the Commissioner be AFIRMED.

## I. PROCEDURAL HISTORY

Plaintiff, forty-one years of age, protectively filed for SSI and DIB on February 22, 2007, claiming disability due to insulin-dependent diabetes with neuropathy, circulatory deficiencies, obesity, and recurrent ventral incisional hernias, with an alleged onset date of December 23, 2006. (R. at 10.) The Social Security Administration ("SSA") denied Plaintiff's claims initially and on reconsideration.[2] (R. at 55-60.) On July 22, 2008, accompanied by counsel, Plaintiff testified before an ALJ. (R. at 21-41.) On September 2, 2008, the ALJ denied Plaintiff's application, finding that she was not disabled under the Act where, based on her age, education, work experience and residual functional capacity, there are jobs she could perform which exist in significant numbers in the national economy. (R. at 16-17.) The Appeals Council subsequently denied Plaintiff's request for review, making the ALJ's decision the final decision of the Commissioner subject to judicial review by this Court. (R. at 1-3.)

## II. QUESTION PRESENTED

Is the Commissioner's decision that Plaintiff is not entitled to benefits supported by substantial evidence on the record and the application of the correct legal standard?

## III. STANDARD OF REVIEW

In reviewing the Commissioner's decision to deny benefits, the Court is limited to

---

[2] Initial and reconsideration reviews in Virginia are performed by an agency of the state government -- the Disability Determination Services ("DDS"), a division of the Virginia Department of Rehabilitative Services -- under arrangement with the SSA. 20 C.F.R. Part 404, Subpart Q; see also § 404.1503. Hearings before administrative law judges and subsequent proceedings are conducted by personnel of the federal SSA.

determining whether the Commissioner's decision was supported by substantial evidence on the record and whether the proper legal standards were applied in evaluating the evidence. Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is more than a scintilla, less than a preponderance, and is the kind of relevant evidence a reasonable mind could accept as adequate to support a conclusion. Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996) (citing Richardson v. Perales, 402 U.S. 389, 401 (1971); Laws v. Celebrezze, 368 F.2d 640, 642 (4th Cir. 1966)).

In order to find whether substantial evidence exists, the Court is required to examine the record as a whole, but it may not "'undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the Secretary.'" Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001) (quoting Craig, 76 F.3d at 589). In considering the decision of the Commissioner based on the record as a whole, the Court must "'take into account whatever in the record fairly detracts from its weight.'" Breeden v. Weinberger, 493 F.2d 1002, 1007 (4th Cir. 1974) (quoting Universal Camera Corp. v. N.L.R.B., 340 U.S. 474, 488 (1951)). The Commissioner's findings as to any fact, if the findings are supported by substantial evidence, are conclusive and must be affirmed. Perales, 402 U.S. at 390. While the standard is high, if the ALJ's determination is not supported by substantial evidence on the record, or if the ALJ has made an error of law, the district court must reverse the decision. Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987).

A sequential evaluation of a claimant's work and medical history is required in order to determine if a claimant is eligible for benefits. 20 C.F.R. §§ 416.920, 404.1520; Mastro, 270 F.3d at 177. The analysis is conducted for the Commissioner by the ALJ, and it is that process

3

that a court must examine on appeal to determine whether the correct legal standards were applied, and whether the resulting decision of the Commissioner is supported by substantial evidence on the record.

The first step in the sequence is to determine whether the claimant was working at the time of the application and, if so, whether the work constituted "substantial gainful activity" ("SGA").³ 20 C.F.R. §§ 416.920(b), 404.1520(b). If a claimant's work constitutes SGA, the analysis ends and the claimant must be found "not disabled," regardless of any medical condition. Id. If the claimant establishes that she did not engage in SGA, the second step of the analysis requires her to prove that she has "a severe impairment . . . or combination of impairments which significantly limit[s] [her] physical or mental ability to do basic work activities." 20 C.F.R. § 416.920(c); see also 20 C.F.R.404.1520(c). In order to qualify as a severe impairment that entitles one to benefits under the Act, it must cause more than a minimal effect on one's ability to function. 20 C.F.R. § 404.1520(c). At the third step, if the claimant has an impairment that meets or equals an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 (listing of impairments) and lasts, or is expected to last, for twelve months or result in death, it constitutes a qualifying impairment and the analysis ends. 20 C.F.R. §§ 416.920(d), 404.1520(d). If the impairment does not meet or equal a listed impairment, then the evaluation

---

³ SGA is work that is both substantial and gainful as defined by the Agency in the C.F.R. Substantial work activity is "work activity that involves doing significant physical or mental activities. Your work may be substantial even if it is done on a part-time basis or if you do less, get paid less, or have less responsibility than when you worked before." 20 C.F.R. § 404.1572(a). Gainful work activity is work activity done for "pay or profit, whether or not a profit is realized." 20 C.F.R. § 404.1572(b). Taking care of oneself, performing household tasks or hobbies, therapy or school attendance, and the like, are not generally considered substantial gainful activities. 20 C.F.R. § 404.1572(c).

proceeds to the fourth step, in which the ALJ is required to determine whether the claimant can return to her past relevant work[4] based on an assessment of the claimant's residual functional capacity ("RFC")[5] and the "physical and mental demands of work [the claimant] has done in the past." 20 C.F.R. §§ 416.920(e), 404.1520(e). If such work can be performed, then benefits will not be awarded. Id. However, if the claimant cannot perform her past work, the burden shifts to the Commissioner at the fifth step to show that, considering the claimant's age, education, work experience, and RFC, the claimant is capable of performing other work that is available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(f), 404.1520(f); Powers v. Apfel, 207 F.3d 431, 436 (7th Cir. 2000) (citing Bowen v. Yuckert, 482 U.S. 137, 146, n.5 (1987)); Hall v. Harris, 658 F.2d 260, 264 (4th Cir. 1981). The Commissioner can carry his burden in the final step with the testimony of a vocational expert ("VE"). When a VE is called to testify, the ALJ's function is to pose hypothetical questions that accurately represent the claimant's RFC based on all evidence on record and a fair description of all the claimant's impairments so that the VE can offer testimony about any jobs existing in the national economy that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50 (4th Cir. 1989). Only when the hypothetical posed represents *all* of the claimant's substantiated impairments will the

---

[4] Past relevant work is defined as SGA in the past fifteen years that lasted long enough for an individual to learn the basic job functions involved. 20 C.F.R. §§ 416.965(a), 404.1565(a).

[5] RFC is defined as "an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis. A 'regular and continuing basis' means 8 hours a day, for 5 days a week, or an equivalent work schedule." SSR-96-8p. When assessing the RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. Id. (footnote omitted).

testimony of the VE be "relevant or helpful." Id. If the ALJ finds that the claimant is not capable of SGA, then the claimant is found to be disabled and is accordingly entitled to benefits. 20 C.F.R. §§ 416.920(f)(1), 404.1520(f)(1).

### IV. ANALYSIS

The ALJ found at step one that Plaintiff had not engaged in SGA since the alleged onset of her disability. (R. at 13.) At steps two and three, the ALJ found that Plaintiff had the severe impairments of diabetes mellitus with neuropathy, obesity, and recurrent ventral incisional hernia, but that these impairments did not meet or equal any listing in 20 C.F.R. Part 404, Subpart P, Appendix 1, as required for the award of benefits at that stage. (R. at 13.) The ALJ next determined that Plaintiff had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except that she cannot crouch, kneel, crawl, or stoop; that she requires a cane to walk; that she should avoid complex tasks, but can perform detailed tasks and simple tasks; that she can understand, remember, and carry out both detailed and simple tasks and instructions; and that she must work under conditions that would allow her to stand in place for two minutes every hour and elevate her feet six inches during the day. (R. at 13-15.)[6]

The ALJ then determined, at step four of the analysis, that Plaintiff could not perform her past relevant work as a fast foods worker, cashier, stock clerk, envelope stuffer and sorter, mail clerk, or file clerk because of the levels of exertion required in each position. (R. at 15-16, 42-45.) At step five, after considering Plaintiff's age, education, work experience and RFC, and

---

[6]The record also suggests that the Plaintiff may suffer from some level of depression, which was not found to constitute a severe impairment. However, the ALJ accounted for the "combined effect" of all impairments, including the non-severe depression, when he included "depressive overlay" in his hypothetical to the VE. (R. at 43.) Plaintiff has not challenged the extent to which the ALJ considered her depression in rendering his decision. (R. at 37.)

after consulting a VE, the ALJ nevertheless found that there are other occupations which exist in significant numbers in the national economy that Plaintiff could perform. (R. at 16-17, 45-49.) Specifically, the ALJ found that Plaintiff could work as a telephone solicitor, a general office clerk (i.e. sorts and stuffs envelopes), and an order clerk. (R. at 16, 43-48.) Accordingly, the ALJ concluded that Plaintiff was not disabled and was employable such that she was not entitled to benefits. (R. at 30-31.)

Plaintiff moves for a finding that she is entitled to benefits as a matter of law, or in the alternative, she seeks modification or remand of the case to the Commissioner. (Pl.'s Mot. for Summ. J.) To that end, Plaintiff has narrowed the sole issue for review to "whether the ALJ's [RFC] finding that [Plaintiff] must only elevate her feet six inches during the day is supported by substantial evidence." (Pl.'s Br. Supp. Mot. Summ. J. ("Pl.'s Br.") at 9.) This finding is dispositive of Plaintiff's claim for benefits because, as the VE testified, Plaintiff could perform the tasks required to engage in other occupations which exist in significant numbers in the national economy *only if* required to elevate her feet six to twelve inches, *but not if* required to elevate her feet twenty four inches. (R. at 45-46, 49) (emphasis added.) In response, Defendant argues that the Commissioner's final decision is supported by substantial evidence and application of the correct legal standard such that it should be affirmed. (Def.'s Mot. for Summ. J. and Br. in Supp. Thereof ("Def.'s Br.") at 8.) Specifically, he argues that the ALJ carefully reviewed the medical evidence and, although he partially credited the Plaintiff's testimony, he reasonably rejected Plaintiff's "drastic requirement" that she elevate her feet to a height of twenty four inches, in a recliner, throughout the day. (Def.'s Br. at 8-9.)

As the finder of fact, it is the ALJ's province to evaluate the credibility of witnesses. The

Court notes that the ALJ inquired about the extent to which Plaintiff must sit in a reclined position, evaluated her current daily activities, and compared the testimony to all of the medical evidence. (Compare R. at 14-15 with 32-33, 255.) "[B]ecause he had the opportunity to observe the demeanor and to determine the credibility of [Plaintiff], the ALJ's observations concerning these questions are to be given great weight." Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). Likewise, the ALJ may reject a plaintiff's testimony if it conflicts with the medical evidence. Mitchell v. Bowen, 827 F.2d 387, 389 (8th Cir. 1987); see also Lee v. Sullivan, 945 F.2d 687, 693 (4th Cir. 1991).

Here, Plaintiff frames the ALJ's credibility determination as an RFC determination based upon a complete lack of substantial evidence. The ALJ's RFC finding, however, gives *partial* credit to Plaintiff's testimony, finding that elevating her legs does, indeed, provide some relief to the swelling in her legs and feet. (R. at 14-15, 33 (emphasis added).) But Plaintiff's testimony paints a more extreme picture, suggesting that she must sit in a recliner with her feet above her heart, essentially one-hundred percent of the time that she sits. (R. 33.) There is no support in the medical record for such a drastic measure. Aside from Plaintiff's testimony, the loan reference to feet elevation is Dr. Raghu's note that, upon discharge, he "*advised* the patient to keep her legs elevated while sitting or sleeping to *facilitate* decrease in edema." (R. at 255 (emphasis added).) As written, the statement suggests that it was advisory, not mandatory; that it was remedial, not curative; and that it was part of her recovery immediately after surgery, not necessarily for an infinite duration.

Medical advice of such character, which constitutes objective medical evidence, must also be viewed together with the other record evidence so that the ALJ can make "reasonable

8

conclusions about the intensity and persistence of . . . symptoms." See Green v. Comm'r of SSA, Case No. 8:09-02313, 2010 U.S. Dist. LEXIS 121948, at *3-4 (D. S.C. November 16, 2010) (citing 20 C.F.R. § 416.929(c)(2)). As the ALJ noted, "the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible *to the extent* they are inconsistent with the residual functional capacity assessment." (R. at 14.) Specifically, he noted that Plaintiff "reported that she is able to do laundry, drive, handle personal and household finances, including balancing a checkbook, wash dishes, shop, cook, and use a computer." (Id.) Taking but one of these examples further, Plaintiff testified that she uses an electric buggy to do her shopping. (R. at 14, 36.) From this, the ALJ could reasonably infer that Plaintiff is capable of sitting without her feet elevated twenty-four inches while she shops. In his reference to such daily activities, as well as the medical record, the ALJ declined to accept the extreme elevation requirements to which Plaintiff testified.

In response to this analysis, Plaintiff argues that Dr. Raghu's advice is consistent with her testimony. That is not so. Where a physician recommends some minor, remedial measures, the restrained character of such measures would be inconsistent with an extreme characterization of those same measures. Stated simply, if a physician recommends that a person spend all of his patient's sitting life in a recliner, such advice would be set forth unequivocally. Thus, when Plaintiff took her physician's advice to a more extreme degree than could be discerned from the record, her testimony was inconsistent with the medical record before the ALJ. Considering that the burden rests with the Plaintiff to establish her medical impairments in the course of the RFC analysis, such an inconsistency need not be resolved in her favor. See Gillman v. Astrue, Case No. 5:08cv114, 2009 U.S. Dist. LEXIS 101815, at *15 n.9 (W.D. Va. October 28, 2009) (citing

9

Heckler v. Campbell, 461 U.S. 458, 460 (1983)).

To further highlight the point, consider the analysis in Wolfe v. Astrue, Case No. 7:07cv63, 2008 U.S. Dist. LEXIS 4897, at \*14-15 (W.D. Va. January 22, 2008), which involved similar testimony and medical evidence. There, the plaintiff and his family testified that he was, at all times, restricted to either his bed or a recliner. Id. at \*14. Agreeing with the ALJ, the judge "found no evidence in the medical records that provides evidence of such an *extreme level* of disability." Id. (emphasis added). One would expect such an extreme level of confinement to be noted somewhere in the medical record. Accordingly, although there was no specific evidence contradicting the testimony of the plaintiff and his family, the court found that the ALJ's credibility determination was supported by substantial evidence in the medical record. Id. at \*15.

Plaintiff points to the lack of evidence of the degree to which the ALJ found that she must elevate her feet -- six inches -- arguing that such a "finding is entirely arbitrary." (Pl.'s Br. at 9.) While his choosing that particular value might appear arbitrary in that no specific number is mentioned in the medical record, it logically results from the ALJ's partial credibility determination. During the course of the hearing, Plaintiff's testimony, considered along with her counsel's arguments and the VE's testimony, established a spectrum of feet elevation between six and twenty four inches. (R. at 33, 46, 48-49.) As the VE testified, Plaintiff could engage in sufficient employment if required to elevate her feet between six and twelve inches. (R. at 46.) However, Plaintiff testified that she must elevate her legs twenty four inches -- a level which would not permit gainful employment. (Compare R. at 33 with R. at 48-49.) Thus, while the ALJ's specific choice of six inches appears arbitrary on the surface, in the context of the spectrum that developed on the record, it merely reflects the partial credibility determination

already discussed, *supra*.

Plaintiff would require this Court to remand the case merely because the specific value of six inches, or twelve inches for that matter, is not enumerated verbatim in the medical record. However, there was substantial evidence for the ALJ to conclude that Plaintiff must only elevate her legs to a minor degree, significantly less than the twenty-four inches to which she testified. "'No principle of administrative law or common sense requires us to remand a case in quest of a perfect opinion unless there is reason to believe that the remand might lead to a different result.'" Kersey v. Astrue, 614 F. Supp. 2d 679, 696 (W.D. Va. 2009) (quoting Fisher v. Bowen, 869 F.2d 1055, 1057 (7th Cir. 1989)). As such, even if this Court determined that the RFC determination should not have included the specific numeric value of six inches, the Court would nevertheless decline to remand under these circumstances.

The record of Plaintiff's daily activities, considered together with the medical evidence, constitutes "more than a scintilla" of evidence supporting the ALJ's findings. Craig, 76 F.3d at 589. While Plaintiff might benefit from some minor elevation of her legs to relieve edema, the medical evidence does not support the extreme degree of elevation to which she testified. Accordingly, the Court recommends that the Commissioner's decision be affirmed.

## V. CONCLUSION

Based on the foregoing analysis, it is the recommendation of this Court that Plaintiff's motion for summary judgment (Docket No. 7) be DENIED; that Defendant's motion for summary judgment (Docket No. 9) be GRANTED; and, that the final decision of the Commissioner be AFFIRMED.

Let the Clerk forward a copy of this Report and Recommendation to the Honorable James

R. Spencer and to all counsel of record.

## NOTICE TO PARTIES

**Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a <u>de novo</u> review of the determinations contained in the report and such failure shall bar you from attacking on appeal the findings and conclusions accepted and adopted by the District Judge except upon grounds of plain error.**

                                                /s/
                                    DENNIS W. DOHNAL
                                  UNITED STATES MAGISTRATE JUDGE

Date: <u>March 1, 2011</u>
Richmond, Virginia