UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
RICHMOND DIVISION

BRENDA BLISS,

                         Plaintiff,

    v.                                      Action No. 3:10-CV-456

MICHAEL J. ASTRUE,
*Commissioner, Social Security Administration*,

                         Defendant.

## **MEMORANDUM OPINION**

THIS MATTER is before the Court on Brenda Bliss' objection to Judge Dohnal's Report and Recommendation ("R&R") affirming the Social Security Administration's denial of her applications for Social Security Disability and Supplemental Security Income payments. (Doc. No. 11.) The Commissioner of the Social Security Administration's ("Commissioner") decision to deny benefits was based on a finding by an Administrative Law Judge ("ALJ") that Bliss was not disabled as defined by the Social Security Act and applicable regulations. For the reasons stated below, the Court OVERRULES Bliss' objection and ADOPTS Judge Dohnal's Report and Recommendation (Doc. No. 10) DENYING Bliss' Motion for Summary Judgment (Doc. No. 7), GRANTING the Commissioner's Motion for Summary Judgment (Doc. No. 9), and AFFIRMING the Commissioner's decision denying benefits to Bliss.

**I.    BACKGROUND**

An ALJ conducts a five-step analysis to determine if a claimant is eligible for disability benefits. 20 C.F.R. §§ 416.920(a)(4), 404.1520(a)(4). The ALJ considers whether

1

an applicant (1) is performing substantial gainful activity ("SGA"); (2) is severely impaired; (3) has an impairment that meets or medically equals one of the listings in 20 C.F.R. Part 404, Subpart P, Appendix 1 and lasts or is expected to last for twelve months or result in death; (4) could continue performing work she performed in the past; and (5) could perform other jobs in the national economy. 20 C.F.R. §§ 416.905(a), 416.920(a)(4). See also Rogers v. Barnhart, 216 F. App'x 345, 347–48 (4th Cir. 2007). If, at any step of the analysis, the ALJ is able to determine the applicant is disabled, the inquiry must cease. 20 C.F.R. § 404.1520(a)(4). The applicant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner if the analysis reaches step five. Bowen v. Yuckert, 482 U.S. 137, 146 n.5 (1987). The Commissioner may use a vocational expert ("VE") to satisfy this burden. If a VE is called to testify, the ALJ must pose hypothetical questions that represent the claimant's residual functional capacity ("RFC") so the VE can offer testimony about existing jobs in the national economy that the claimant can perform. Walker v. Bowen, 889 F.2d 47, 50-51 (4th Cir. 1989).

The ALJ in this matter first found Bliss had not engaged in SGA since December 23, 2006, her disability onset date. At steps two and three, the ALJ found Bliss had severe impairments in the form of diabetes mellitus with neuropathy, obesity, and a recurrent ventral incisional hernia, but these impairments did not meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. The ALJ next determined Bliss had the RFC to perform sedentary work as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a), except she could not crouch, knee, crawl, or stoop, and she walks with a cane. The ALJ further found Bliss: (1) should avoid complex tasks, but could perform detailed and simple tasks; (2) could understand, remember, and carry out detailed and simple tasks and

2

instructions; and (3) must work under conditions that would allow her to stand in place for two minutes every hour and elevate her feet six inches during the day. The ALJ determined at step four of the analysis that Bliss could not perform past relevant work because her past work was semi-skilled and she is now limited to entry level, unskilled jobs. At the fifth and final step, the ALJ considered Bliss' age, education, work experience, and RFC, and consulted a VE. The ALJ ultimately concluded jobs Bliss can perform exist in significant numbers in the national economy. Thus, Bliss is not under a disability as defined in the Social Security Act and not entitled to benefits.

The Appeals Council denied Bliss' request for review, making the ALJ's decision final and subject to judicial review. Bliss sought judicial review of the ALJ's decision, arguing the ALJ's conclusion that she must elevate her legs just six inches during the day is not supported by substantial evidence. The finding regarding leg elevation is dispositive because Bliss can perform the tasks required of jobs existing in significant numbers in the national economy if she is required to elevate her legs six to twelve inches, but not if she is required to elevate her legs twenty-four inches.

Judge Dohnal found the record contains "more than a scintilla of evidence" to support the ALJ's findings that Bliss must elevate her legs to a minor degree, not the twenty-four inches to which she testified. Accordingly, the R&R recommends that the Court deny Bliss' Motion for Summary Judgment, grant the Commissioner's Motion for Summary Judgment, and affirm the Commissioner's decision denying Bliss benefits.

## II. STANDARD OF REVIEW

The Court may review a denial of benefits by the Commissioner, 42 U.S.C. § 405(g), but must accept the Commissioner's findings of fact if they are supported by substantial

evidence and were reached by applying the correct legal standard, Hines v. Barnhart, 453 F.3d 559, 561 (4th Cir. 2006). The "substantial evidence" standard is more demanding than the "scintilla" standard, but less demanding than the "preponderance" standard. Mastro v. Apfel, 270 F.3d 171, 176 (4th Cir. 2001). A finding is supported by substantial evidence if it is based on "'relevant evidence [that] a reasonable mind might accept as adequate to support a conclusion.'" Johnson v. Barnhart, 434 F.3d 650, 653 (4th Cir. 2005) (quoting Craig v. Chater, 76 F.3d 585, 589 (4th Cir. 1996)). If "conflicting evidence allows reasonable minds to differ as to whether a claimant is disabled," the Court must defer to the Commissioner's decision. Id. (internal quotation marks omitted). In reviewing for substantial evidence, the Court may not weigh conflicting evidence, evaluate credibility, or substitute its judgment for that of the Commissioner's. Mastro, 270 F.3d at 176.

### III. DISCUSSION

The sole issue presented for review is whether the ALJ's determination that Bliss is required to elevate her legs six inches when seated is supported by substantial evidence. Bliss maintains she must elevate her legs to keep blood flowing away from her feet, thereby reducing swelling. She argues elevating her legs six to twelve inches is not sufficient to alleviate swelling. The R&R recommends upholding the ALJ's determination because the ALJ found Bliss' testimony that she must elevate her legs at least twenty-four inches when seated only partially credible. The ALJ noted Bliss continued to do laundry, drive, balance her checkbook, wash dishes, shop using an electric buggy, cook, and use a computer after the onset of her disability. Bliss contends activities such as handling personal business and household finances are not inconsistent with the need to keep one's legs elevated. With respect to her other activities, she argues the Social Security Act does not require that she

4

give up all daily living activities to be eligible for benefits. See Totten v. Califano, 624 F.2d 10, 11 (4th Cir. 1980). Moreover, her engaging or not engaging in these activities has nothing to do with the height to which she must elevate her legs.

      The Commissioner contends the ALJ reasonably found Bliss' argument that she is required to keep her legs elevated at least twenty-four inches when seated was not supported by the record. The Commissioner states the only medical evidence in the record pertaining to leg elevation is an evaluation from Dr. Balaji Raghu advising Bliss to keep her legs elevated while sitting or sleeping to facilitate a decrease in edema. No medical source indicates Bliss must keep her legs elevated at twenty-four inches. The first mention of such an extreme requirement occurred at Bliss' administrative hearing, when she testified she had to keep her feet and legs elevated above her heart. Bliss' only argument in support of this proposition is "simple logic" dictates she would have to keep her legs elevated that high. Pl.'s Obj. at 3. Thus, Bliss has no legitimate support for her claim that she must keep her legs elevated at twenty-four inches. The Commissioner states if Bliss' doctor felt it was imperative for her to continuously elevate her legs above her heart when seated, he would have so mentioned in his evaluation. Because the physician did not mention the extreme elevation requirement, the Commissioner urges the Court to reject the leap of faith.

      The VE testified Bliss could perform sedentary jobs such as telephone solicitor, general office clerk, and order clerk, all of which exist in significant numbers in the national economy, as she could elevate her feet on a stool if she worked in these positions. R. at 45. The VE specifically stated Bliss could serve in sedentary positions as long as she did not have to elevate her legs above twelve inches. Id. at 46. If Bliss was required to elevate her legs at waist level or above, however, she would not be able to perform even sedentary

5

jobs. Id. The Commissioner's determination that Bliss is required to elevate her feet at six inches appears to be supported by substantial evidence. The ALJ arrived at the conclusion that Bliss "needs to be able to elevate her feet six inches during the day" after considering all evidence in the record, including Bliss' testimony and medical evidence. R. at 14.

The ALJ partially credited Bliss' testimony that she is required to keep her legs elevated to relieve swelling in the legs and feet. The ALJ did not completely credit Bliss' testimony that she must sit in a recliner with her feet above her heart whenever possible, as there is no support in the record for such a drastic measure. The ALJ considered Bliss' statements that she is able to engage in activities such as laundry, driving, handling personal and household business, washing dishes, shopping using an electric buggy, cooking, and using a computer in determining Bliss' "statements concerning the intensity, persistence and limiting effects of [her] symptoms [were] not credible to the extent they [were] inconsistent with the residual functional capacity assessment[.]" R. at 14.

Dr. Raghu's discharge summary advises Bliss "to keep her legs elevated while sitting or sleeping to facilitate decrease in edema." R. at 255. There is no mention of a specific elevation height and the doctor but did not mandate elevation. After considering Bliss' daily activity, testimony, and evidence, the ALJ declined to accept the extreme elevation requirements Bliss set forth.

"An ALJ is required to analyze and consider a claimant's subjective complaints of pain to the extent that such complaints are not inconsistent with the medical evidence of record." Wolfe v. Astrue, No. 7:07-CV-0063, 2008 U.S. Dist. LEXIS 4897 at *12 (W.D. Va. Jan. 22, 2008) (quoting Craig v. Chater, 76 F.3d 585, 592 (4th Cir. 1996)). A court need not accept a complainant's testimony as credible, however, if the evidence in the record does

not reflect the "extreme level of disability" set forth by the claimant. Id. In the instant matter, the ALJ found Bliss' testimony only partially credible. The ALJ's accepting any height between six and twelve inches as a proper elevation, and rejecting Bliss' claim that she must elevate at least twenty-four inches, reflects the partial credibility determination. Although it is clear Bliss might benefit from some elevation, the record simply does not support the need for the extreme level of elevation to which she testified. Thus, the Court finds the ALJ properly concluded there was substantial evidence in the record that Bliss is required to elevate her feet, but not at twenty-four inches, when seated. Consequently, she is able to perform certain jobs that exist in significant numbers in the national economy and is not disabled within the meaning of the Social Security Act.

**VI. CONCLUSION**

Because the Court finds the ALJ applied the correct legal standard and came to a conclusion supported by substantial evidence, the Court OVERRULES Bliss' objection and ADOPTS the Magistrate Judge's Report and Recommendation as the ruling of this Court. Accordingly, Bliss' Motion for Summary Judgment is DENIED, the Commissioner's Motion for Summary Judgment is GRANTED, and the Commissioner's decision denying Bliss benefits is AFFIRMED.

Let the Clerk send a copy of this Memorandum Opinion to all counsel of record.

An appropriate Order shall issue.

_____/s/_____
James R. Spencer
Chief United States District Judge

ENTERED this __27th__ day of May 2011